THE PEOPLE OF THE STATE OF NEW YORK ex rel. HEYDEN CHEMICAL COMPANY OF AMERICA, INC., Relator, v. WALTER W. LAW, JR., and Others, as and Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, November 15, 1922.

Taxation — franchise tax — domestic corporation transacting entire business in this State not earning any income for year preceding assessment — stock without par value issued at five dollars per share — corporation had no real or tangible personal property — corporation subject to franchise tax of one mill on each dollar of paid-in capital stock — Tax Law, § 214, construed and applied — no apportionment unless part of business of corporation done in another State.

A domestic corporation, transacting its entire business in this State and not owning any real or tangible personal property, which has issued stock without par value at five dollars per share, and which did not earn any income for the year preceding the assessment of the franchise tax, is, under section 214 of the Tax Law, subject to a tax of one mill upon each dollar of paid-in capital stock.

**376**  PEOPLE EX REL. HEYDEN C. CO. OF AMERICA, INC., *v.* LAW.

Third Department, November, 1922.  [Vol. 203]

It is only where a part of the business of the corporation is done in another State that an apportionment as provided in the latter part of section 214 of the Tax Law applies.

CERTIORARI issued out of the Supreme Court and attested on the 25th day of June, 1921, directed to Walter W. Law, Jr., and others, as and constituting the State Tax Commission of the State of New York, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in assessing a tax against relator, Heyden Chemical Company of America, Inc., under article 9-A of the Tax Law, for the tax year beginning the 1st day of November, 1919.

*Frost, Watson & Sharp* [*William Travers Jerome* of counsel], for the relator.

*Charles D. Newton, Attorney-General* [*C. T. Dawes* of counsel], for the respondents.

VAN KIRK, J.:

There is no dispute as to the facts. The relator is a domestic corporation, organized May 10, 1919. Its stock is without par value. It has issued 500,000 shares at five dollars per share, all in cash. Its entire business is transacted in the State of New York. It has no real property and no tangible personal property as defined in the statute (Tax Law, § 208, subd. 2). It has no property whatever outside the State of New York.

The State Tax Commission has fixed the tax under section 214 of the Tax Law at two thousand five hundred dollars, being one mill upon each dollar of its paid-in capital stock. The relator contends that the tax should not exceed the sum of ten dollars, because not having had an income for the fiscal year or the calendar year next preceding, there was no basis upon which to assess any tax other than the minimum tax of ten dollars. The franchise tax is imposed by, and the basis of computation is fixed by the Tax Law, article 9-A, as it stood in 1919. (Added by Laws of 1917, chap. 726, as amd. by Laws of 1919, chap. 628.) Section 209 of this act provides: "Franchise tax on corporations based on net income. For the privilege of exercising its franchise in this State in a corporate or organized capacity every domestic corporation, and for the privilege of doing business in this State, every foreign corporation, except corporations specified in the next section, shall annually pay in advance for the year beginning November first next preceding an annual franchise tax, to be computed by the Tax Commission upon the basis of its entire net income for its fiscal or the calendar year next preceding, as hereinafter provided, which entire net income is presumably the same as the entire net income

upon which such corporation is required to pay a tax to the United States." The relator had no net income for the next preceding fiscal or calendar year and paid no tax to the United States for that year. But the franchise tax has been imposed and section 214 contains further provisions for determining its amount. So far as important here section 214 is as follows: " If the entire business of the corporation be transacted within the State, the tax imposed by this article shall be based upon the entire net income of such corporation for such fiscal or calendar year as defined in section two hundred and eight of this chapter  *  *  *. If the entire business of such corporation be not transacted within the State, the tax imposed by this article shall be based upon a proportion of such entire net income, to be determined in accordance with the following rules: [Then follow provisions for apportioning the tax upon such corporations as transact some of their business in other States.] It is further provided that every domestic corporation exercising its franchise in this State and every foreign corporation doing business in this State  *  *  *  shall be subject to a minimum tax of not less than ten dollars and not less than one mill upon each dollar of the apportionment of the face value of its issued capital stock apportioned to this State, which shall be determined by dividing the amount of the real and tangible personal property in this State by the entire amount of the real and tangible personal property as shown in the report, and multiplying the quotient by the face value of the issued capital stock. If such a corporation has stock without par value, then the base of the tax shall be on such a portion of its paid in capital as its real and tangible personal property in this State bears to its entire real and tangible personal property." The relator argues that, under the latter part of this section as quoted, since it has no real or tangible personal property in this State and no real or tangible personal property outside the State, in computing the amount of the tax, its fraction has for its numerator zero and for its denominator zero and multiplying its paid-in capital by zero gives the product zero. This is ingenious, but we think not substantial. The latter part of section 214 was intended to cover foreign and domestic corporations which were newly organized, or, for some other reason, had not had a net income during the preceding calendar or fiscal year and yet which were doing business and contemplated doing business during the year succeeding the following November first. The tax is payable in advance for the ensuing year. It is a tax upon every domestic corporation for the privilege of exercising its franchise in the State. The difficulties urged by the relator relate solely to the computation of the tax when there is an apportionment

to procure the proper base for assessment, but where the entire business of the corporation is transacted within the State there is to be no apportionment. The entire section 214 must be read together, and it is only where a part of the business of the corporation is done in another State that an apportionment as provided in the latter part of section 214 applies. If this corporation were doing business both in the State of New York and in another State, then the amount of its real and tangible personal property in the two States is accepted as indicating the amount of business that it does in those States respectively. In this case the entire business of the corporation is done in the State of New York and consequently there is no fractional apportionment. In other words, its entire capital is apportioned to this State. It is subject to a minimum tax of not less than one mill on each dollar of its paid-in capital stock apportioned to this State, except that in no case shall the tax be less than ten dollars.

. The determination of the State Tax Commission should be confirmed, with costs.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Determination unanimously confirmed, with fifty dollars costs and disbursements.